**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. ___26-mj-8537-BER___

UNITED STATES OF AMERICA

v.

JACOB JEREMIAS ZAPETA-CASTRO,

_____/

FILED BY___MEE___D.C.

Jul 14, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

5. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: ___/s James LaRusso_____

James O. LaRusso
SPECIAL ASSISTANT UNITED STATES ATTORNEY
District Court No.   A5503543
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    (561) 209-1053
Fax:    (561) 820-8777
Email:  James.LaRusso@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JACOB JEREMIAS ZAPETA-CASTRO, | ) | Case No.  26-mj-8537-BER |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____July 3, 2024_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) and (b)(1) | Illegal Re-entry After Deportation or Removal |

FILED BY_____MEE_____D.C.

Jul 14, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

This criminal complaint is based on these facts:

See Attached Affidavit.

❒ Continued on the attached sheet.

_____
*Complainant's signature*

Deportation Officer Andy Korzen, ICE
*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Digitally signed by
Bruce E. Reinhart
Date: 2026.07.14
17:05:45 -04'00'

Date: _____07/14/2026_____

_____
*Judge's signature*

City and state: _____West Palm Beach, FL_____     Bruce E. Reinhart, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT OF ANDY KORZEN**
**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**
**IMMIGRATION AND CUSTOMS ENFORCEMENT**

I, Andy Korzen, being duly sworn, depose and state as follows:

1.      I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over twenty-three years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2.      This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Jacob Jeremias ZAPETA-CASTRO ("ZAPETA-CASTRO") committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

3.      On July 9, 2026, ICE officers and Homeland Security Investigations (HSI) special agents were conducting routine at-large immigration enforcement in Palm Beach County, Florida. During enforcement efforts, at approximately 10:45 am, a black GMC Denali truck with Florida tag number DS29YQ almost made contact with a special agent's vehicle while crossing the intersection of 3rd Avenue North and North E Street in Lake Worth Beach, Florida. The HSI special agent reversed to avoid a traffic collision. After the near collision, the black GMC Denali truck drove away at a high speed and ran

1

through stop signs. ICE officers and HSI special agents followed the truck without any lights or sirens activated.

4.     The GMC came to stop a few blocks away at 1106 Lucerne Avenue in Lake Worth Beach after almost colliding with another vehicle. ICE officers performed a record check in the Florida Driver and Vehicle Information Database (DAVID) using tag number DS29YQ. DAVID records showed that the vehicle was registered to ZAPETA-CASTRO, a Guatemalan national. The DAVID records also had a picture of ZAPETA-CASTRO uploaded in that database.

5.     The driver of the truck exited the vehicle and ran into the convenience store located at 1106 Lucerne Avenue in Lake Worth Beach, locking the door behind him. When the driver exited the vehicle, an HSI special agent confirmed that the driver matched the appearance of ZAPETA-CASTRO's photo in the DAVID database.

6.     Florida Highway Patrol Trooper G.Y. observed the same individual through the window inside the convenience store, who was hiding behind the counter, and visually verified that the individual in the store was the same person depicted in the picture in the DAVID database for ZAPETA-CASTRO.

7.     Thereafter, ZAPETA-CASTRO surrendered to ICE agents who placed him under administrative arrest for a violation of immigration law, and subsequently transported him to the ICE office in Stuart, Florida for further processing.

8.     A review of the immigration records shows that on or about June 11, 2024, ZAPETA-CASTRO electronically filed an Application for Asylum and for Withholding of Removal, Form I-589 with U.S. Citizenship and Immigration Services (USCIS).

9.      On or about July 3, 2024, ZAPETA-CASTRO was fingerprinted at the USCIS Application Support Center located at 1661-B South Congress Avenue, West Palm Beach, Florida 33406, in connection with the above application. ZAPETA-CASTRO's fingerprints were scanned into the Automated Biometric Identification System (IDENT), Department of Homeland Security central database for storing and processing biometric and biographic information for national security, law enforcement, immigration, and other related purposes. Results confirmed that the scanned fingerprints belong to an individual who was previously removed from the United States, that is ZAPETA-CASTRO.

10.      Further review of ZAPETA-CASTRO's records show that he is a native and citizen of Guatemala, and that on or about March 15, 2012, ZAPETA-CASTRO was granted voluntary departure under safeguards by an immigration judge. On or about March 20, 2012, ZAPETA-CASTRO departed the United States and returned to Guatemala.

11.      Thereafter, ZAPETA-CASTRO re-entered the United States illegally.

12.      On or about January 31, 2013, ZAPETA-CASTRO was ordered removed from the United States, and was removed to Guatemala on or about February 13, 2013.

13.      Thereafter, ZAPETA-CASTRO illegally re-entered the United States on two separate occasions and was removed to Guatemala following each reentry, on or about November 13, 2013, and July 11, 2018, respectively.

14.      Records further show that ZAPETA-CASTRO was convicted of the following offenses:

a.      On or about January 18, 2013, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, of the felony offense of leaving scene of crash involving injury, case number 2012CF009031A.

b.      On or about May 13, 2013, in the United States District Court, District of Arizona of the offense of illegal entry, case number 13-M-07122.

c.      On or about June 2, 2017, in the United States District Court, Southern District of Florida of the felony offense of illegal reentry after deportation, case number 17-80020-CR-MARRA-1.

15.      ICE agents scanned ZAPETA-CASTRO's fingerprints into the IAFIS system, which confirmed that the scanned fingerprints belonged to Jacob Jeremias ZAPETA-CASTRO, a citizen of Guatemala, who was previously removed from the United States on the dates stated above.

16.      Agents performed a record check in the Computer Linked Application Informational Management System and verified that no records exist indicating that ZAPETA-CASTRO obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

- SPACE LEFT INTENTIONALLY BLANK -

17.     Based on the foregoing, I submit that probable cause exists to believe that, on or about July 3, 2024, Jacob Jeremias ZAPETA-CASTRO, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(1)).

_____

Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this _____ day of July 2026.

Digitally signed
by Bruce E.
Reinhart
Date: 2026.07.14
17:06:17 -04'00'

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:   JACOB JEREMIAS ZAPETA-CASTRO

**Case No**:

Illegal Reentry after Deportation or Removal

8 U.S.C. § 1326(a) and (b)(1)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000
* **Special Assessment**: $100

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**